# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHIRLEY WILKINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   3:19-cv-829 |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Walmart Inc., improperly named as Wal-Mart Stores, Inc., by and through its attorneys, Rebecca L. Van Court of DeFranco & Bradley, P.C., removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

1.     Plaintiff filed suit in the Third Judicial Circuit, Madison County, Illinois for injuries she allegedly sustained on March 17, 2017, when she was struck by a cart. (Complaint, ¶ 4-5).

## VENUE

2.     There is now commenced and pending in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, a certain civil action designated as No. 2019-L-338, in which Shirley Wilkinson is the plaintiff and Walmart Inc., improperly named as Wal-Mart Stores, Inc. ("Walmart") is defendant.

3.     Venue lies in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Madison County, Illinois which is within the Southern District of Illinois.

## DIVERSITY OF CITIZENSHIP

4. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

5. Diversity of citizenship exists between plaintiff and Walmart as required by 28 U.S.C. § 1332(a).

6. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

7. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

8. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

9. Plaintiff's complaint alleged damages in excess of $50,000.00. (*See* Complaint).

10. The complaint alleged generic injuries, including "injuries to her neck and back." (*See* Complaint, Paragraph 6). There was no mention of the specific types of injuries sustained, the type of treatment received, nor the amount of medical bills incurred. (*See* Complaint).

11. Defendant learned of the nature and extent of the claimed injuries when it received plaintiff's discovery responses on July 8, 2019. (Answers to Interrogatories, Attached as Exhibit A)

12. Plaintiff's answers to interrogatories identified at least $48,884.14 in medical bills, with several bills not yet received. (Exhibit A, ¶ 9).

13. Plaintiff further produced medical records which revealed the following complaints of pain: neck pain, bilateral hand numbness, dizziness, migraines, back pain, radicular symptoms into the arms and legs, leg pain and right shoulder pain. She also has received the following treatment: several MRIs, CT scans of the neck and back, physical therapy, chiropractic care, pain management including narcotic use such as the Fentanyl patch, and several epidural steroid injections. Her physicians have also offered bilateral carpal tunnel surgery and surgical intervention to the cervical spine.

14. Based on the records received to date, and upon information and belief, plaintiff is still receiving treatment.

15. Based on the discovery responses and medical treatment received to date, defendant asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## **TIMELINESS**

16. Based on the face of the complaint, which was filed on March 12, 2019, defendant had insufficient evidence to warrant removal.

17. On July 8, 2019, plaintiff provided defendant with her answers to interrogatories and requests for production which first established that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Other paper" includes responses to discovery request. 28 U.S.C. § 1446(c)(3)(A).

19. This notice of removal was filed within thirty days after receipt of plaintiff's answers to interrogatories, which established for the first time that plaintiff's damages are in excess of $75,000.00, in accordance with 28 U.S.C. § 1446(b)(3) and within a year after commencement of the action, in accordance with 28 U.S.C. § 1446(c)(1).

## NOTICE REQUIREMENTS

20. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

21. A copy of this notice of removal was filed with the Third Judicial Circuit, Madison County, Illinois, as required by 28 U.S.C. §1446(d).

22. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall affect the removal of said civil action to this Court.

DeFRANCO & BRADLEY, P.C.

By /s/Rebecca L. Van Court
    Rebecca L. Van Court, #6290952
    Brittany P. Warren, #6325934
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    vancourt@defrancolaw.com
    warren@defrancolaw.com
    ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHIRLEY WILKINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   3:19-cv-829 |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF ST. CLAIR    )

Rebecca Van Court, being duly sworn upon her oath, deposes and states that she is an attorney for defendant herein, that she has read the foregoing Notice for Removal and believes it to be true, and that she makes this affidavit as an agent authorized to execute same on behalf of defendant.

/s/Rebecca L. Van Court
REBECCA VAN COURT

SUBSCRIBED AND SWORN TO before me this 30th day of July, 2019.

/s/Megan R. Mueth
NOTARY PUBLIC

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC – STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 9, 2021

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHIRLEY WILKINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   3:19-cv-829 |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

Rebecca Van Court, after being duly sworn upon her oath, deposes and states that she is an attorney for defendant in the above-entitled cause; that on the 30th day of July, 2019, she sent by e-mail and United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 30th day of July, 2019, a copy of the Notice for Removal filed herein was also electronically filed with the Clerk of the Third Judicial Circuit Court, Madison County, Illinois.

/s/Rebecca L. Van Court
REBECCA VAN COURT

SUBSCRIBED AND SWORN TO before me this 30th day of July, 2019.



/s/Megan R. Mueth
NOTARY PUBLIC